UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

GEORGE M GUTIERREZ,

Plaintiff,

v.

JAMES DURENDA, et al.,

Defendants.

Case No. 2:17-cv-03039-GMN-NJK

ORDER

This action is a *pro se* civil rights complaint filed pursuant to 42 U.S.C. § 1983 by a former state prisoner.  On October 31, 2018, this Court issued an order denying Plaintiff's application to proceed *in forma pauperis* for prisoners as moot because Plaintiff was no longer incarcerated.  (ECF No. 3 at 2).  The Court ordered Plaintiff to file a fully complete application to proceed *in forma pauperis* for non-prisoners or pay the full filing fee of $400.00 within thirty (30) days from the date of that order.  (*Id.*)  The Court also ordered Plaintiff to file an updated address within thirty (30) days from the date of that order.  (*Id.*)  The thirty-day period has now expired, and Plaintiff has not filed an application to proceed *in forma pauperis* for non-prisoners, paid the full filing fee, filed an update address, or otherwise responded to the Court's order.

District courts have the inherent power to control their dockets and "[i]n the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal" of a case. *Thompson v. Hous. Auth. of City of Los Angeles*, 782 F.2d 829, 831

1    (9th Cir. 1986). A court may dismiss an action, with prejudice, based on a party's failure

2    to prosecute an action, failure to obey a court order, or failure to comply with local rules.

3    *See Ghazali v. Moran*, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance

4    with local rule); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal

5    for failure to comply with an order requiring amendment of complaint); *Carey v. King*, 856

6    F.2d 1439, 1440-41 (9th Cir. 1988) (dismissal for failure to comply with local rule requiring

7    *pro se* plaintiffs to keep court apprised of address); *Malone v. U.S. Postal Service*, 833

8    F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order); *Henderson

9    v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack of prosecution and

10   failure to comply with local rules).

11           In determining whether to dismiss an action for lack of prosecution, failure to obey

12   a court order, or failure to comply with local rules, the court must consider several factors:

13   (1) the public's interest in expeditious resolution of litigation; (2) the court's need to

14   manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring

15   disposition of cases on their merits; and (5) the availability of less drastic alternatives.

16   *Thompson*, 782 F.2d at 831; *Henderson*, 779 F.2d at 1423-24; *Malone*, 833 F.2d at 130;

17   *Ferdik*, 963 F.2d at 1260-61; *Ghazali*, 46 F.3d at 53.

18           In the instant case, the Court finds that the first two factors, the public's interest in

19   expeditiously resolving this litigation and the Court's interest in managing the docket,

20   weigh in favor of dismissal. The third factor, risk of prejudice to Defendants, also weighs

21   in favor of dismissal, since a presumption of injury arises from the occurrence of

22   unreasonable delay in filing a pleading ordered by the court or prosecuting an action. *See

23   Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor – public policy

24   favoring disposition of cases on their merits – is greatly outweighed by the factors in favor

25   of dismissal discussed herein. Finally, a court's warning to a party that his failure to obey

26   the court's order will result in dismissal satisfies the "consideration of alternatives"

27   requirement. *Ferdik*, 963 F.2d at 1262; *Malone*, 833 F.2d at 132-33; *Henderson*, 779

28   F.2d at 1424. The Court's order requiring Plaintiff to update his address and to file an

application to proceed *in forma pauperis* for non-prisoners or pay the full filing fee within thirty (30) days expressly stated that, if Plaintiff failed to timely comply with the order, dismissal may result. (ECF No. 3 at 2). Thus, Plaintiff had adequate warning that dismissal would result from his noncompliance with the Court's order to file an updated address and to file an application to proceed *in forma pauperis* for non-prisoners or pay the full filing fee within thirty (30) days.

It is therefore ordered that this action is dismissed without prejudice based on Plaintiff's failure to update his address and his failure to file an application to proceed *in forma pauperis* for non-prisoners or pay the full filing fee in compliance with this Court's October 31, 2018 order.

It is further ordered that the Clerk of Court shall enter judgment accordingly.


DATED THIS    6    day of December 2018.


_____
UNITED STATES DISTRICT JUDGE